UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of                                                          101 West Lombard Street
**George L. Russell, III**                                           Baltimore, Maryland 21201
United States District Judge                                         410-962-4055


May 28, 2013


MEMORANDUM TO COUNSEL RE:        Diana L. Yale, et al. v. Toyota Motor Sales, USA,
                                 Inc., et al.
                                 Civil Action No. GLR-12-2654


Dear Counsel:

        Plaintiffs Diana L. Yale and Jeremy T. Yale, individually as well as parents and next
friends of JY, a minor (collectively, "Plaintiffs"), commenced this products liability action
against Defendants Toyota Motor Sales, USA, Inc. ("TMS"), Toyota Motor North American,
Inc. ("TMNA"), Toyota Motor Manufacturing Indiana, Inc. ("TMMI"), and Royal Imports, Inc.
d/b/a Newark Toyota World ("Royal Imports") (collectively, "Defendants") for the injuries Mrs.
Yale and JY incurred when the sliding doors of Plaintiffs' Toyota Sienna Sports Van collided
with Mrs. Yale. Pending before the Court are Defendants TMS and TMNA's Motion to Dismiss
Plaintiffs' Complaint (ECF No. 16) and TMMI's Motion for Joinder in the pending Motion to
Dismiss (ECF No. 32). The Court, having reviewed the pleadings and supporting documents,
finds no hearing necessary. See Local Rule 105.6 (D.Md. 2011). For reasons outlined below,
both Motions will be granted.

        On or about August 28, 2009, Plaintiffs purchased a 2010 Toyota Sienna Sports Van (the
"van") from Royal Imports. According to Plaintiffs, the van is equipped with power sliding
doors, located in the middle of the van, which are supposed to include a jam protection function
(the "JPF"). When the power sliding doors are in the process of closing, the JPF allegedly
causes the doors to stop and retract automatically upon meeting an obstruction in their path. In
February 2010,[1] a mere four months after purchasing the vehicle, Plaintiffs were parked outside
of a Walmart in Elkton, Maryland, when Mrs. Yale, who was pregnant at the time, opened the
passenger sliding door of the van and reached inside. While Mrs. Yale reached inside, Mr. Yale,
unaware of Mrs. Yale's position, pushed the interior door activation button, which caused the
sliding doors to close. The closing passenger sliding door struck Mrs. Yale in her abdomen, and
continued to close, crushing her between the door and the vehicle frame. As a result of the
accident, Mrs. Yale suffered various injuries and went into premature labor, among other things.
JY also suffered permanent injury to his head, body, and limbs in utero.

---

        [1] Plaintiffs' Complaint cites two dates for the accident, February 17 (see Compl. ¶ 6), and
February 19, 2010 (see Compl. ¶ 9). Plaintiffs' Opposition to Defendants' Motion references the
later date. (See Pls.' Opp'n to Defs.' Mot. to Dismiss ["Pls.' Opp'n"] at 1, ECF No. 23). For
purposes of this Motion, however, the Court will refer to the date as February 2010.

On February 17, 2012, Plaintiffs filed this action in the Circuit Court of Cecil County, Maryland. (ECF No. 2).[2] Plaintiffs' eight-count Complaint alleges negligence, breach of warranties, strict liability, general damages for the injuries JY sustained in utero, and loss of consortium. Defendant TMS removed the action to this Court on September 5, 2012. (ECF No. 1). TMS and TMNA filed the pending Motion to Dismiss on September 12, 2012 (ECF No. 16), and TMMI filed a Motion to Quash Writ of Summons on October 8, 2012 (ECF No. 26). On February 12, 2013, the Court granted TMMI's Motion to Quash and granted Plaintiffs leave to properly serve TMMI and Royal Imports within sixty days of the Order. (See ECF No. 30). Plaintiffs timely executed service as directed. (See ECF Nos. 35-36). TMMI filed the pending Motion for Joinder on March 22, 2013. (ECF No. 32). To date, Royal Imports has failed to file a responsive pleading in this matter.

Defendants move to dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead plausible, not merely conceivable, facts in support of his claim. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. The court must, however, "assume [the] veracity [of the well-pleaded factual allegations] and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Defendants aver that the Complaint should be dismissed in its entirety because Plaintiffs fail to allege that a defect or non-conforming condition existed in the van when it was sold, and that the defective condition was the proximate cause of Plaintiffs' injuries. The Court agrees.

In Maryland, plaintiffs in products liability actions must allege "(1) the existence of a defect; (2) the attribution of the defect to the seller; and (3) a causal relation between the defect and the injury." Jensen v. Am. Motors Corp., 437 A.2d 242, 247 (Md.Ct.Spec.App. 1981). Moreover, "proof of a defect must arise above surmise, conjecture or speculation; and one's right to recovery may not rest on any presumption from the happening of an accident." Virgil v. "Kash N' Karry" Serv. Corp., 484 A.2d 652, 657 (Md.Ct.Spec.App. 1984); see also Jensen, 437 A.2d at 245. Although the mere happening of an accident is insufficient proof a defect, "the addition of very little more in the way of other facts . . . may be enough to support the inference." Virgil, 484 A.2d at 657 (citation and internal quotation marks omitted). An inference may be drawn "where circumstantial evidence tends to eliminate other causes, such as product misuse or alteration." Id. (citation omitted).

Plaintiffs' Complaint merely describes the JPF and the February 2010 accident. (See Compl. ¶¶ 6-13). Plaintiffs do not, however, attempt to connect the accident to a defect in the van. Moreover, even if the Court were to infer that the accident occurred as a result of a defect, Plaintiffs fail to indicate whether the defect is in the internal button Mr. Yale used, the sliding doors, the JPF, or any other component Plaintiffs identify in paragraph thirteen of the Complaint.

---

[2] Defendants repeatedly refer to the Complaint as an "amended complaint." There is, however, no sign of an amended complaint in the record.

Furthermore, several of Plaintiffs' allegations are conclusory and void of any factual underpinnings. For example, in their breach of express warranty claim, Plaintiffs allege that all Defendants expressly represented that the van and its component parts "were reasonably safe for their intended purposes, that they were free of defects, and that its safety features were operational[, and] would function as intended." (Compl. ¶ 20). Plaintiffs neither indicate when, where, or how the Defendants made the express representations nor specify the vehicle Defendants utilized to convey the information. Plaintiffs' attempt to cure the deficiency by attaching the owner's manual to their Opposition is insufficient primarily because they misconstrue the substance of the statement. Plaintiffs allege Defendants warrant the JPF as a "safety feature" that "will protect a user from injury by causing either retraction or stoppage of the door in the event that an obstacle is present in the path of a closing door." (Compl. ¶ 8). No such warranty is present in the section of the owner's manual Plaintiffs append to their Opposition. For these reasons, the Complaint must be dismissed.

In their Opposition, Plaintiffs request leave to amend their Complaint. (See Pls.' Opp'n at 12). Pursuant to Rule 15(a)(2), courts are to grant leave to amend a pleading "freely . . . when justice so requires." Leave should be denied, however, "*only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) (emphasis in original) (citation omitted). Because those circumstances do not appear in this case, the Court GRANTS Plaintiffs leave to amend.

Accordingly, TMS and TMNA's Motion to Dismiss Plaintiffs' Complaint (ECF No. 16) and TMMI's Motion for Joinder (ECF No. 32) are GRANTED. Plaintiffs shall have twenty-one (21) days from the date on this Order to file an amended complaint consistent with this memorandum.

Despite the informal nature of this memorandum, it shall constitute an Order of the Court and the Clerk is directed to docket it accordingly. The Clerk is also directed to amend the docket to reflect the correct spelling of Mrs. Yale's first name.

Very truly yours,

/s/
_____
George L. Russell, III
United States District Judge